Oct. 1910] Yazoo & Miss. Valley R. R. Co. v. Kelly. 367

98 Miss.]                    Statement of the case.

Yazoo & Mississippi Valley Railroad Company v. A. G. Kelly.

[53 South. 779.]

1. Erroneous Instructions. *Cured by other instructions.* *All instructions to be taken together.*

Where one instruction in an action for negligence, omitted the necessary element of negligence, and authorized a verdict for plaintiff for mere accidental injury, such error was cured by another instruction that defendant was not liable for mere accident or casualty where no negligence was shown on the part of defendant or its agent.

2. Instructions.

The jury are to take all the instructions together, and when so taken, if the law is correctly stated, there is no error even though some one or more of these fall short of a full statement of the principles attempted to be embodied, provided that they are not thereby rendered so conflicting as to be misleading to the jury.

3. Damage. *Amount.* *Injury to finger.*

Where plaintiff's only injury was the badly mashing of the little finger on his left hand, which had entirely healed, a verdict for one thousand dollars was so excessive as to evince passion or prejudice on the part of the jury.

From the circuit court of Holmes county.

Hon. J. M. Cashin, Judge.

This was an action to recover damages for personal injury, brought by appellee against appellant. The injury complained of was the severe mashing of appellee's little finger on the left hand, which incapacitated him from using it, or attending to his business for some three months. The jury awarded plaintiff one thousand dollars by their verdict, and from this judgment appellant prosecutes this appeal. The testimony was conflicting, appellee here, plaintiff in the court below testi-

fied that while a passenger on the train of appellant company, said train stopped at Anding, his old home, and while this was not his destination, he went out on the platform, to see if he could see any of his people. A lady boarded the train, and the conductor, who was standing on the ground, assisted her up the steps, while plaintiff took her grip. "I was standing on the front of the ladies' coach, and as she mounted the steps the signal was given for the train to start, and the train gave such a jerk, it throwed me against the facing of the car door, and in that jerk it jerked the door to on my hand before I knew it, it was done so quick I caught by the door to keep from falling, and it slammed the door to on me, and I had to put the grip down to open the door to get my hand out. My little finger was caught in the door, and was so severely injured that I was unable to attend to my business for three months." Other witnesses testified to the same effect.

For the defendant Walter Hosford testified that he was the conductor on the train in question, and that a traveling man got on the train at Anding, and immediately after this traveling man entered the car, the door of the car slammed, and he heard Mr. Kelly grunt, and saw that he had mashed his finger. The train was standing still at the time that Mr. Kelly had his finger mashed by the slamming of the door, he was positive. This door closed from the inside, and could not have closed itself, because the train was standing still. The door opened from the inside, so if the car was jerked and the door wasn't fastened, it would jerk the door open. In his judgment the door could not have swung any way except to the inside, and opened it.

The court gave the following instructions:

No. 3. "The court instructs the jury that if they believe from the evidence that plaintiff was a passenger upon defendant's passenger train, and was injured by the door of the car in defendant's passenger train being

suddenly slammed to by the sudden jerk or starting of the train, or because same not properly opened and properly latched, and that plaintiff was without any negligence on his part, then it is the duty of the jury to find for the plaintiff, and assess his damages at such an amount as the jury may find from the evidence will compensate him for the injury, the pain suffered, and time lost on account of said injury, doctor's bill, and medical bills incurred by and because of said injury, and all other damages of every kind sustained by plaintiff because of the aforesaid injury.''

No. 4. ''The court instructs the jury that the railroad company is not responsible for an injury to a passenger which is the result of a mere accident or casualty, where there is no negligence on the part of the railroad company or its agents; and if they find from the evidence that the injury to plaintiff's finger happened by accident, without any fault on part of defendant or any of its employes, then the plaintiff cannot recover in this action, and they will find for the defendant.''

*Mayes & Longstreet,* for appellant.

In this case we have a conflict of testimony on every material point. Briefly summed up, the claim of appellee is that while he was standing on the platform, assisting a lady, the train suddenly started with a jolt sufficient to throw him against the door, and that this same jolt was sufficiently severe to slam the door on his finger.

Appellant's theory is that the train had not started, and that the passenger who embarked at Anding, a traveling man, and who went in ahead of Mr. Kelly, slammed the door on Mr. Kelly, thereby catching and bruising his finger. And that the physical facts, the construction of the door, support this theory.

The facts being thus in dispute, the matter was of course submitted to the jury, of which we have no com-

plaint to make. However, the third instruction given for the plaintiff below was, we submit, erroneous in that it did not properly announce the law, and constituted reversible error.

The instruction in question was as follows:

"The court instructs the jury that if they believe from the evidence that plaintiff was a passenger upon defendant's passenger train, and was injured by the door of the car in defendant's passenger train being suddenly slammed to by the sudden jerk or starting of the train, or because same not properly opened and properly latched, and that plaintiff was without any negligence on his part, then it was the duty of the jury to find for the plaintiff and assess his damages at such an amount as the jury may find from the evidence will compensate him for the injury, the pain suffered, the time lost on account of said injury, doctor's bill and medical bills incurred by and because of said injury, and all other damage of every kind sustained by plaintiff because of the aforesaid injury."

We call the attention of the court to the fact that two separate and distinct grounds are stated, upon either of which the jury was charged to find for plaintiff. The first ground was the sudden slamming of the door by the sudden jerk or starting of the train; and the second was because door was not properly opened, or properly latched.

The second proposition is distinctly stated, and therefore constitutes a separate and distinct ground on which the jury was authorized to find for plaintiff.

In other words, under this instruction the jury was told to find for the plaintiff if it believed that plaintiff was injured by the door of the car not being properly opened and properly latched, if plaintiff was without negligence. We submit that this is not the law. Under such an instruction, while the jury might accept the conductor's testimony, it might still find for plaintiff, if it

believed the door was not properly opened and fastened. In other words, it might well have believed that the door was closed by the traveling man on appellee's finger. But because this door was not properly opened and latched, plaintiff was entitled to recover.

It is to be remembered that this was a case where there was a square conflict of testimony on material facts. It was a case to puzzle a jury. The plaintiff and his wife testified to one state of facts, and the conductor to another. Under the conductor's testimony, the company was clearly not liable. In such a case it is vitally important, it is essential, that the instructions be clear, accurate, intelligible, and, furthermore, correctly announce the law, so as to furnish a true guide for the jury.

It is a matter of common knowledge, and it is in harmony with the natural impulses and acts of man, that where a jury is baffled and perplexed as to a case, where the truth seems almost impossible of definite ascertainment, it turns to the instructions and seeks to find there some solution, some key to the problem, some meaning or interpretation which will throw light on the question at issue.

The experience of every lawyer shows the readiness with which a jury catches at any suggestion in an instruction in a closely balanced case, whereby it may decide the case, and shift the responsibility of the decision from itself to the court. It is then that the instructions must stand the test of clearness, accuracy and correctness, so that the jury may not be misled.

Can the instruction in question stand such a test? We submit that it cannot. For example, suppose that some of the jury refused to credit this stale and ancient claim of appellee's, or even that they were merely in doubt as to same. By reference to this instruction they found that they were charged to find for the plaintiff, not merely if they believed that the jolting and jarring had

caused the door to jerk, but if they believed that the injury was by the door being improperly opened and latched, without reference to the jolting and jarring of the train. They would recall that appellee testified that he believed that the door was not properly opened, and appellant's witness did not deny this. Hence, if this traveling man, passing through the door, had found it insecurely fastened or swinging back and forth, and had closed it on appellee's finger, appellant would not be liable, according to this charge, as, had this traveling man found it securely latched he would not have slammed it, and thereby caused the injury. While under such conditions the insecure fastening would have been one of the causes of the injury, 'it cannot be urged that it would have been the proximate, but merely a remote. cause.

Counsel will doubtless claim that this is but fanciful speculation. It is fanciful to the extent that neither we nor counsel can know what went on in the minds of the jurymen; but we deny that such a situation was improbable or unreasonable; but, on the contrary, affirm that it was probable that just such a condition did exist, and the mere fact that it was probable and reasonable and that under the wording of this instruction the jury might have been misled as to the law, makes it reversible error. We cannot assert positively that the jury was misled, and counsel cannot prove that the jury was not, but the fact remains that it might well and reasonably have been misled.

In short, we submit that this instruction is entirely too broad; that it is an ingenious, but unwarranted attempt to cover the case of both appellee and appellant. That as an abstract proposition of law it is erroneous, and that it does not correctly announce the law with reference to the developed facts of this case. Erroneous instructions, calculated to mislead the jury, are not harmless where the testimony would sup-

port a verdict for either party. (See *Brister* v. *R. R. Co.*, 84 Miss. 33.)

This vicious instruction is not cured by any instruction given for defendant, and we submit that this case should be reversed, so that the facts can be submitted to a jury under proper instructions.

In the second place, this instruction nowhere requires that the jury should find that the appellant was guilty of negligence, while the negligence of defendant is the gravamen of the complaint; yet the jury is not required to find under this instruction that defendant was guilty of any negligence at all. There is no presumption of negligence in this case, and negligence must be proven; but this is not required in the instruction. This instruction, therefore, violates, in this respect, an elementary and fundamental principle, and this in itself constitutes reversible error.

*M. B. Grace,* for appellee.

In reply to the very ingenious argument presented by counsel for appellant in their brief that instruction No. 3 is erroneous and misleading to the jury, and as he says, "is vicious and misleading, as well as not correctly stating the law." I desire to say, I think such is not the case, and counsel is dealing in what he is pleased to term "a fanciful speculation;" but the facts of the case and the surroundings of same are against them.

There were three counts in the declaration, and some evidence to support the allegations of all three of them, and the "vicious" instruction merely covered the evidence of the case, and told the jury what they might do if they believed the testimony of plaintiff and his witnesses. This instruction merely submitted to the consideration of the jury issues of fact, and the whole matter was left to them to find as to whether the issues were correct. The instruction is broad enough to allow the jury to find a verdict which ever way they desired, either

for the plaintiff or defendant. Manifestly, if the jury had believed the testimony of the witness for the defendant they would have unhesitatingly returned a verdict for the defendant, and the appellees would have had no room to complain.

He talks of misleading instructions. Why the court gave the appellant instructions submitting to the plaintiff when there was no plea filed or notice given to that effect. I am aware that this court has held that the defendant under the plea of the general issue in a damage suit, may offer evidence to show that the plaintiff was guilty of contributory negligence even though there is no such plea or notice, and with this idea in view, instruction No. 3 submits to the consideration of the jury, along with defendant's instructions, that issue, and thus deals with defendant in a most charitable manner. The entire complaint in this case was based upon the negligence of the defendant, in possibly three ways or respects, and the defense of appellant was, there was no negligence whatever on the part of defendant, and instruction No. 4 for defendant presents another issue to decide, and it seems they decided it.

Had the appellant even suspicioned the jury had been misled by instruction No. 3 given for the plaintiff, and that, their defense had been in any way prejudiced by said instruction, it was incumbent upon counsel for the appellant in the court below to have had the members of the jury, or, as many of them as he saw fit, subpoenaed and on the motion for a new trial interrogated them as to whether they were probably in doubt as to what they were required to do under the third instruction, and as to whether they were misled by said instruction. The record is silent as to whether the jury was misled by instruction No. 3, and we submit that this court cannot say from the facts of this record that, it is even probable that the jury were misled by this instruction or otherwise. This would have presented a fact certain to this

· Oct. 1910.] Yazoo & Miss. Valley R. R. Co. *v.* Kelly. 375

98 Miss.]                          Brief for appellee.

court and not left them to deal in a fanciful speculation as counsel has done.

The case of *Brister* v. *Railroad Company,* 84 Miss. 33, does not touch this case in any of its phases. I respectfully submit that the instructions in that case were misleading, and even men trained in the law would scarcely have known what to have done. A misleading instruction is not reversible error, unless it is evident under the facts, as well as from the surrounding circumstances, the jury were most probably misled by that instruction. We submit for argument sake, if instruction No 3 granted by the court at the request of plaintiff was misleading in the respect which counsel argues it is, then, we submit that instructions Nos. 2, 3, and 4 given for the defendant was equally misleading, injecting a number of other issues into the case to be tried by the jury, and they simply cast all instructions, as most juries do, to the four winds, and decided the case upon the evidence.

Most juries in the trial of cases, as every jury lawyer well knows, pay but little attention to instructions, but decides the case upon the evidence and common sense view of the whole matter presented to them by the evidence and pleadings. The alleged vicious instruction told the jury that if they believed certain facts were true as detailed to them by the witnesses, and the plaintiff was without negligence himself, they might find for the plaintiff. It left them open and free to consider the evidence of all witnesses and to find the issues as they saw fit. This instruction merely told the jury what their duty was in case they believed these things.

In the case of *Southern Railway Co.* v. *Howell,* 135 Ala. 639, 24 South. Rep. 6, the supreme court of Alabama held it was highly improper to instruct the jury, that if they believe the evidence, they will find for the defendant on the first count of the complaint and on the second count of the complaint, etc., and tends to mislead the jury into thinking that they must return a verdict with

(

special reference to the particular counts in the complaint. This is manifestly the law. Had instruction No. 3 read, "if the jury believe the evidence of plaintiff and his witnesses, then they will find for plaintiff on the first and second counts of the declaration, provided they believe he was not guilty of contributory negligence himself," would have been bad, and the jury as a rule, would have known as much about what we lawyers call counts in a declaration as we do about the time of the end of time, and would manifestly mislead them. The instruction complained of is free from such objections; is plain, simple and unambiguous in its phraseology and couldn't have misled the jury in any particular.

If all the instructions considered together are harmonious and consistent, and cover all the material issues involved in the case, then the charge is sufficient, notwithstanding a single instruction standing alone may not correctly or fully state the law. *Shaw* v. *Missouri & K. D. Co.*, 56 Mo. App. 521.

The mere fact that a certain instruction may possibly have a tendency to mislead a jury cannot be urged as material error, and, before an appellate court is warranted in reversing the verdict of a jury and judgment of the court, it must be clear that the instruction was badly drawn and the phraseology of same is so bad and rambling that it is almost impossible for a man trained in the law to interpret the meaning of the instruction. *Towns* v. *State*, 111 Ala. 1, 20 So. 598; *O'Donnell* v. *Rogers*, 76 Ala. 222, 52 Am. Rep. 322; *Palmore* v. *State*, 29 Ark. 248.

We think it useless to burden the court with a long line of authorities to sustain such a simple proposition, and too, when there is but little merit in the contention, and we desire to submit the whole matter as to whether, from the evidence, pleadings and other instructions in this case it is probable that the jury would have returned any other verdict than it did return, and, in passing we

desire to refer the court to the following line of cases,. if they care to refer to them, although, we think unnecessary. *Insurance Co.* v. *Van Os,* 63 Miss. 431; *Wilson.* v. *Zook,* 69 Miss. 694; *Vance* v. *State,* 62 Miss. 137; *Railroad Co.* v. *Fields,* 46 Miss. 573.

The verdict of the jury seems well supported by the evidence and was not. excessive, and the jury were not misled by instruction No. 3, and nothing could be gained by a reversal of this case, except to hand back to the court from the hands of another jury, about the same verdict and judgment.

Anderson, J., delivered the opinion of the court.

The giving of instruction No. 3 for the appellee, and the refusal of the court to grant a new trial, on the ground that the verdict is excessive, are assigned as errors.

It is contended for appellant that the necessary element of negligence is left out of the instruction in question, and that it authorized the jury to find a verdict for appellee for a mere accidental injury. Whatever defect there may be in the instruction was cured by instruction No. 4 given for appellant, by which the jury were informed that appellant was not liable for "mere accident or casualty, where there is no negligence on the part of the railroad company or its agents." The jury are to take all the instructions together, and when so taken, if the law is correctly stated, there is no error, even though some one or more of them fall short of a full statement of the principle attempted to be embodied, provided that they are not thereby rendered so conflicting as to be misleading to the jury, which is not true of the instructions in the case at hand.

Taking into consideration the character of appellee's injury (the little finger of the left hand, though badly mashed to the first joint, having thoroughly healed), in connection with all the facts and circumstances of the

case, the verdict appears so excessive as to evince passion or prejudice on the part of the jury; and on that ground the case is reversed and remanded; unless appellee shall enter a remittitur for five hundred dollars, in which event the case is affirmed.

*So ordered.*